UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HERMINIO ROBLES, Jr.                                    )
                                                        )
                         Plaintiff,                     )
                                                        )          **AMENDED COMPLAINT**
         -against-                                      )
                                                        )          **JURY TRIAL DEMANDED**
THE CITY OF NEW YORK; POLICE OFFICER                    )
JOHN M. HENDERSON, Shield No. 13171;                    )          19 Civ. 6581 (AT)
POLICE SERGEANT FELIX M. SALCEDO;                       )
POLICE OFFICER NANCY NIEVES; POLICE                     )
OFFICER DEALIP KUNDU, Shield No. 2736;                  )
POLICE OFFICER RUFFY PAULINO, Shield No.                )
2978; JOHN DOES; and RICHARD ROES,                      )
                                                        )
                         Defendants.                    )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff HERMINIO ROBLES, Jr. seeks

relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42

U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on May 2, 2018, within 90 days of his false arrest and the use of excessive force against him. Plaintiff filed a subsequent Notice of Claim with the Comptroller of the City of New York on April 16, 2019, within 90 days of the dismissal of the charges that had been falsely lodged against Plaintiff.  More than 30 days have elapsed since service of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff was at all times relevant herein a resident of the State of New York, New York County.  Plaintiff is Latino.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized

2

by law to maintain a police department, which act as its agent in the area of law enforcement, and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department and New York City Fire Department.

9.      Defendants POLICE OFFICER JOHN M. HENDERSON, Shield No. 13171; POLICE SERGEANT FELIX M. SALCEDO; POLICE OFFICER NANCY NIEVES; and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD) and/or the New York City Fire Department, municipal agencies of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and/or the New York City Fire Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE OFFICER JOHN M. HENDERSON, Shield No. 13171; POLICE SERGEANT FELIX M. SALCEDO; POLICE OFFICER NANCY NIEVES; and JOHN DOES are sued individually.

10.      Defendants POLICE SERGEANT FELIX M. SALCEDO and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police

Department and/or the New York City Fire Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and/or the New York City Fire Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE SERGEANT FELIX M. SALCEDO and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.     At approximately 4:45 p.m. on April 18, 2018 Plaintiff was in the train station on Jerome Avenue and Fordham Road, waiting on the platform for the train.

12.     Approximately five to ten plainclothes JOHN DOES police officers - mostly men and on information and belief including Defendants HENDERSON and PAULINO, and at least one woman, on information and belief Defendant NIEVES - approached Plaintiff.

13.     When Plaintiff saw the officers, a John Doe Sergeant (who looked Latino, had gray and black hair, and was very heavy), on information and belief Defendant SALCEDO (who is listed as the "Supervisor Approving" on Plaintiff's NYPD Arrest Report) approached him.

14.     Plaintiff kept asking what was going on.

15.     The John Doe Sergeant, on information and belief Defendant SALCEDO, told Plaintiff not to move, pushed Plaintiff against the wall, and handcuffed Plaintiff's hands behind

his back.

16.     Plaintiff was in pain from being pushed, but was also confused and nervous about why he had been arrested.

17.     After arresting Plaintiff, the JOHN DOES officers took Plaintiff's wallet and searched through it.

18.     The officers thereafter took Plaintiff from the station in a marked police car.

19.     On the way to the Transit Precinct, Plaintiff was asking repeatedly why he had been arrested.

20.      At the precinct (Transit District 11), Plaintiff repeatedly asked why he had been arrested, and if he could make a phone call.

21.     JOHN DOES officers ignored him, and instead joked about the situation and laughed at Plaintiff.

22.     JOHN DOES Officers looked through Plaintiff's wallet again, and in Plaintiff's pockets.

23.     One of the JOHN DOES (who looked Spanish), on information and belief Defendant HENDERSON, who was assigned as Plaintiff's arresting officer, pushed Plaintiff - who was handcuffed at the time - into the gate of the cells in the precinct, and then to the ground, causing Plaintiff severe pain.

24.     Plaintiff was then put into a cell at the precinct.

25.     Plaintiff requested to go to the hospital because he was bleeding on his arms and hands as a result of being pushed down by Defendant HENDERSON.

26.     Eventually, an ambulance arrived, approximately an hour after Plaintiff requested

5

it.

27.     When Plaintiff left the precinct to go to Lincoln Hospital, the precinct did not give

him any paperwork for his seized belongings.

28.     During his time in the hospital (over a day), Plaintiff was in pain, bleeding and

had bruises on his arms and legs.

29.     After Plaintiff was released from the hospital, JOHN DOES Officers took him to

Bronx central booking, where he was held over a day and then arraigned and released on his own

recognizance.

30.     Defendant HENDERSON was the deponent on the Criminal Court Complaint

lodged against Plaintiff, which charged Plaintiff with Assault in the Third Degree, Unauthorized

Sale of Certain Transportation Services, and Harassment in the Second Degree.

31.     Defendant HENDERSON falsely alleged on the Criminal Court Complaint that he

observed an unapprehended person give Plaintiff money, and Plaintiff swiped that person

throught the turnstiles with a metrocard.

32.     Defendant HENDERSON also falsely alleged on the Criminal Court Complaint

that Plaintiff kicked Defendant HENDERSON in the shin.

33.     These allegations are lies.

34.     Plaintiff did not swipe anyone through the turnstile in exchange for money.

35.     Plaintiff did not kick Defendant HENDERSON.

36.     Plaintiff had to appear in Criminal Court approximately five times following his

arraignment to defend against the false allegations that had been lodged against him

37.     On January 30, 2019, all charges against Plaintiff were dismissed in their entirety

6

on speedy trial grounds.

38.     On information and belief Defendants accessed a record of Plaintiff's prior sealed

arrests, including but not limited to a "Recidivist Tracking & Reporting Database."

39.     Defendant POLICE OFFICER DEALIP KUNDU completed a medical treatment

of prisoner form, and attempt to cover up his colleagues' misconduct by downplaying the extent

of Plaintiff's injuries on that form.

<u>**FIRST CLAIM**</u>

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

40.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

41.     By their conduct and actions in stopping plaintiff, seizing plaintiff, falsely

arresting and imprisoning plaintiff, abusing process against plaintiff, wrongfully prosecuting

plaintiff, violating rights to due process of plaintiff (including fabricating evidence against

plaintiff), assaulting and battering plaintiff, trespassing upon plaintiff, violating and retaliating

for plaintiff's exercise of his rights to free speech and assembly, violating rights to equal

protection of plaintiff, endangering plaintiff's health and welfare, failing to provide adequate

medical care for plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect

the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other

defendants, Defendants POLICE OFFICER JOHN M. HENDERSON, Shield No. 13171;

POLICE SERGEANT FELIX M. SALCEDO; POLICE OFFICER NANCY NIEVES; JOHN

DOES and/or RICHARD ROES, acting under color of law and without lawful justification,

intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

42.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

43.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

44.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants POLICE SERGEANT FELIX M. SALCEDO and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

45.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

46.    The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

47.    At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department and fire department, and through the individual defendants

had de facto policies, practices, customs and usages which were a direct and proximate cause of

the unconstitutional conduct alleged herein.

48.    At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department and fire department, and through the individual defendants,

had de facto policies, practices, customs, and usages of failing to properly train, screen,

supervise, or discipline employees and police officers, and of failing to inform the individual

defendants' supervisors of their need to train, screen, supervise or discipline said defendants.

These policies, practices, customs, and usages were a direct and proximate cause of the

unconstitutional conduct alleged herein.

49.    At all times material to this complaint, the defendant THE CITY OF NEW

YORK, acting through its police department and through the individual defendants, had de facto

policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up

of other law enforcement officers' misconduct, through the fabrication of false accounts and

evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or

usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

9

50.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or observing or documenting their activities.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

51.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

52.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, searches, arrests, and issuances of summonses, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

53.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of unlawfully accessing information concerning sealed arrests.  Such policies, practices, customs and/or usages are a direct and proximate cause of the

unconstitutional conduct alleged herein.72.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of treating those who had previously been arrested in transit-related incidents (whether or not they were convicted) more harshly in terms of arrest processing (by putting them "through the system" instead of releasing them with a summons or Desk Appearance Ticket) than those who had not been previously arrested in transit-related incidents.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

54.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

55.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

57.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

11

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

58.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59.    By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## ASSAULT AND BATTERY

61.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62.    By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### NEGLIGENCE

64.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65.    The defendants, jointly and severally, negligently caused injuries and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

67.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68.    Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### CONSTITUTIONAL TORT

70.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

72.     A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

73.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### TRESPASS

74.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

75.     The defendants willfully, wrongfully and unlawfully trespassed upon the property and person of plaintiff.

76.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### ABUSE OF PROCESS

77.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

78.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### MALICIOUS PROSECUTION

80.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

81.     By the actions described above, defendants maliciously prosecuted plaintiff

without any right or authority to do so.  The acts and conduct of the defendants were the direct

and proximate cause of injury and damage to plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

82.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

**THIRTEENTH CLAIM**

**UNLAWFUL ACCESSING OF SEALED RECORDS**

83.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

84.     By the actions described above, defendants unlawfully accessed Plaintiff's sealed

arrest records, in violation of, *inter alia*, New York Criminal Procedure Law § 160.50, without

any right or authority to do so.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

85.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

16

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.


Dated:          New York, New York
                January 27, 2020

                                        _____/S/_____
                                        JEFFREY A. ROTHMAN, Esq.
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiff